**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THOMAS BRANAGAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 65782<br><br>FILED<br><br>JUN 10 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>DEPUTY CLERK |

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Thomas Branagan's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.[1]

Branagan contends that the district court erred by denying his claims of ineffective assistance of counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district

---

[1]After a 3-day jury trial, Branagan was convicted of sexual assault of a minor under 14 years of age and sentenced to serve a prison term of 35 years to life.

15-17743

court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Branagan contends that trial counsel was ineffective for waiving 3 days of the 10-day notice requirement under NRS 51.385(3) after the district court continued the trial 7 days to provide adequate notice at the request of the State. NRS 51.385(3) provides that when the State seeks the admission of a statement by a child describing sexual conduct or physical abuse, and "the child is unavailable or unable to testify, written notice must be given to the defendant at least 10 days before the trial of the prosecution's intention to offer the statement in evidence." Branagan fails to demonstrate that trial counsel's performance was deficient or prejudice. The district court found that any failure to waive the additional three days "would have been a futile act on trial counsel's part" because "the court would have continued the trial anyway to accommodate the proper notice." The district court also found that notice under NRS 51.385(3) was not required because the victim testified and was subject to cross-examination. *See* NRS 51.385(1)(b). We conclude that the district court did not err by denying this claim.

Second, Branagan contends that trial counsel was ineffective for failing to investigate medical issues relating to potential defenses. Branagan claims that such an investigation would have shown that his rights were violated under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 (1990), by Nevada's failure to recognize diminished capacity as a defense because, under the ADA, a defendant must "be allowed to present evidence of their disability *in any proceeding*."

Branagan notes that "[i]t is quite possible that [he] was involuntarily intoxicated." In a related argument, Branagan contends that trial counsel was ineffective for failing to apply and enforce the ADA in order to present a diminished capacity/involuntary intoxication defense.[2] Branagan fails to demonstrate that trial counsel's performance was deficient or prejudice. Although "the technical defense of diminished capacity is not available in Nevada," *Crawford v. State*, 121 Nev. 744, 757, 121 P.3d 582, 591 (2005), Branagan was not prohibited from presenting evidence regarding his mental health and use of medications. The district court noted that the jury did, in fact, hear about Branagan's mental health and use of various medications through his own testimony on direct examination. Therefore, Branagan did not demonstrate that the failure to recognize the defense of diminished capacity prevented him from presenting evidence of his disability. Further, the district court found that Branagan failed to specify "what the desired investigation would have revealed" or demonstrated that "but for counsel's errors, the result would have been different." We agree and conclude that the district court did not err by denying this claim.

Third, Branagan contends that trial counsel was ineffective for failing to investigate and use the preliminary hearing transcript to impeach the child-victim and her mother on cross-examination. Branagan argues that their trial testimony was inconsistent and differed greatly

---

[2]Although the supplemental habeas petition filed by Branagan discussed the ADA and Nevada's failure to recognize a diminished capacity defense, it was not specifically alleged that trial counsel was ineffective for failing to apply and enforce the ADA in order to present such a defense.

from their testimony at the preliminary hearing. Branagan fails to demonstrate that trial counsel's performance was deficient or prejudice. The district court found that Branagan's claims were belied by the record because "trial counsel did in fact cross-examine the witnesses at the trial using the preliminary hearing transcript." The district court noted that counsel impeached both the victim and her mother "using their previous statements, their previous descriptions of the incident, how the victim had previously described the testimony, and other topics." The district court determined that counsel provided "a meaningful cross-examination" of the two witnesses indicating "a well-reasoned strategic decision." *See generally Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167-68 (2002) (explaining that trial tactics are within counsel's control). The district court also determined that Branagan's allegations of prejudice amounted to "unsupported conclusory statements." We agree and conclude that the district court did not err by denying this claim.

Fourth, Branagan contends that trial counsel was ineffective for failing to raise a hearsay objection to the testimony of the victim's mother regarding the victim's out-of-court statements. Branagan claims that counsel did not object to the testimony "because he clearly never read the case file or investigated the case." Branagan fails to demonstrate that trial counsel's performance was deficient or prejudice. The district court determined that an objection on hearsay grounds would have been futile because, after the trustworthiness hearing conducted outside the presence of the jury, the mother's testimony was deemed admissible pursuant to NRS 51.385. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) (stating that counsel cannot be deemed ineffective for failing to make futile objections). The district court also determined that Branagan

failed to demonstrate that the outcome of the trial would have been different had counsel objected. Finally, in rejecting this claim, the district court noted that in Branagan's direct appeal, we found that the district court did not abuse its discretion by admitting the challenged testimony. *See Branagan v. State*, Docket No. 57523 (Order of Affirmance, November 18, 2011). We agree and conclude that the district court did not err by denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. David B. Barker, District Judge
Michael H. Schwarz
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A